IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, * | |
|     Petitioner * | |
| * | |
| v. * | CIVIL ACTION NO. B-02-178 |
| * | |
| RIO GRANDE FRUIT STAND, * | |
|     Respondent. * | |

### UNITED STATES OF AMERICA'S PETITION FOR ENFORCEMENT OF ADMINISTRATIVE INVESTIGATIVE SUBPOENAS DUCES TECUM

TO THE HONORABLE JUDGE OF SAID COURT:

I.

1. Jurisdiction for this action is conferred on the Court by the provisions of section 9 of the Federal Trade Commission Act, 15 U.S.C. §46, which is made applicable to this action by Section 10(h) of Agricultural Marketing Agreement Act of 1937 as amended, 7 U.S.C. 601 et seq. (hereafter "Act").

II.

2. Rio Grande Fruit Stand (hereafter "respondent") is located within the Southern District of Texas. Petitioner alleges on information and belief that the records in question are located at Sebastian, Texas in the Southern District of Texas and within the jurisdiction of this Court.

III.

3. An investigation is being conducted by the Secretary of Agriculture, within the Southern District of Texas and the jurisdiction of this Court pursuant to Section 906.51 of the Marketing Order for Oranges and Grapefruit Grown in the Lower Rio Grande Valley in Texas, 7 C.F.R. Part 906 (hereafter "Order") to determine if the activities and operations of the

Respondent are in conformity with the Act and Order. During the course of that investigation, two separate subpoenas duces tecum were issued by the Secretary through his representative and served on the Respondent. (See Government's Exhibits "A" and "B")

IV.

*The First Subpoena Duces Tecum*
*Government's Exhibit "A"*

4. The first subpoena was issued on May 16, 2000, by Kenneth Clayton on behalf of Kathleen A. Morrigan, Administrator, Agricultural Marketing Service, a duly authorized and acting representative of the Secretary. *See Government's Exhibit "A"*. On May 18, 2000, personal service of the subpoena was made on Ricky Marquez, an employee of the Respondent. The subpoena required the Respondent to give access to authorized representatives of the Secretary at respondent's place of business and to produce for examination and copying documents as specified in the subpoena, with the date and time for the production of records being June 6, 2000 at 10:00 am.

V.

5. On June 6, 2000, Jerry A. Walzel, compliance coordinator for the Texas Valley Citrus Committee arrived at the Rio Grande Fruit Stand. The records were not produced as required by the subpoena.

VI.

6. All records referred to in the subpoena duces tecum were required to be produced by said subpoena were at the time of issuance of said subpoena, and are now, relevant, material and appropriate to the investigation being conducted under the Act. Access to all of the specified

2

records is necessary in order to determine whether Rio Grande Fruit Stand is in conformity with the Act and Order.

VII.

*The Second Subpoena Duces Tecum*
*Government's Exhibit "B"*

7. A second subpoena duces tecum was issued on April 23, 2002, by A. J. Yates, Administrator, Agricultural Marketing Service, a duly authorized and acting representative of the Secretary. *See Government's Exhibit "B"*. On April 30, 2002, personal service of the subpoena was made on Max Loredo, an employee of the Respondent by John McClung, Manager of the Texas Valley Citrus Committee. The subpoena required the Respondent to give access to authorized representatives of the Secretary at respondent's place of business and to produce for examination and copying documents as specified in the subpoena on April 30, 2002. Under the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. 601, *et seq.* and the Marketing Order for Oranges and Grapefruit Grown in the Lower Rio Grande Valley in Texas, 7 C.F.R. Part 906, John McClung is an authorized representative of the Secretary to be afforded access to such records designated in the subpoena for the purposes set forth in the subpoena.

8. On April 30, 2002, Mr. Schwartz,[1] the owner/operator of the Rio Grande Fruit Stand advised Mr. McClung that he had no intention of complying with the subpoena.

VIII.

9. All records referred to in the subpoenas duces tecum were required to be produced by said subpoena were at the time of issuance of said subpoena, and are now, relevant, material and appropriate to the investigation being conducted under the Act. Access to all of the specified

---

[1] Mr. Schwartz's first name is not known at this time.

3

records is necessary in order to determine whether Rio Grande Fruit Stand is in conformity with the Act and Order.

10. The failure of respondent to produce all the documentary evidence required by said subpoena duces tecum impeded, and continues to impede the investigation.

## *PRAYER*

WHEREFORE petitioner respectfully prays:

1. That an order to show cause issue forthwith directing an agent of respondent to appear before this Court upon a day certain and show cause, if any there be, why an Order should not issue requiring respondent to allow access to the Secretary, or such officers or representatives designated by him, at such time and places and under such conditions as this Court, may order, and thereto produce the documentary evidence as required by the said subpoena duces tecum; and

2. That the petitioner have such further relief as may be necessary or appropriate.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

_____
NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

4

United States of America
Department of Agriculture
Agricultural Marketing Service

## SUBPOENA DUCES TECUM

TO:  Rio Grande Fruit Stand
     Spur 413 and North 77
     Sebastian, Texas 78594

    YOU ARE HEREBY REQUIRED TO APPEAR before Jerry A. Walzel, Sr., an employee of the Texas Valley Citrus Committee (TVCC), and/or another TVCC or USDA employee who are authorized representatives of the Secretary of Agriculture of the United States acting pursuant to Section 49 of the Federal Trade Commission Act (15 U.S.C. 49) and the Agricultural Marketing Agreement Act of 1937 (7 U.S.C. 610(h)), at Spur 413 and North 77 in the City of Sebastian, and State of Texas, on the 6th day of June 2000, at 10:00 a.m.

    You are hereby required to produce for inspection and copying, at said time and place and for a reasonable period of time thereafter, the originals (or copies if the originals are unavailable) of the documents, writings, books, and other material as specified in Attachment A which is incorporated herein as part of this subpoena.

    This SUBPOENA DUCES TECUM is issued in connection with an investigation by the Secretary of Agriculture pursuant to § 906.51 of Federal Marketing Order No. 906, to determine whether the activities and operations of Rio Grande Fruit Stand is in conformity with the requirements of the Act and regulations issued thereunder.

**FAIL NOT AT YOUR PERIL**

                                          IN TESTIMONY WHEREFORE, pursuant to
                                          delegations of authority from the
                                          Secretary of Agriculture, the undersigned
                                          has set his hand at Washington, D.C. this
                                          16th day of _____May_____, 2000.

Exhibit A

                                          Kathleen A. Merrigan
                                          Administrator
                                          Agricultural Marketing Service

GOVERNMENT EXHIBIT "A"

Rio Grande Fruit Stand
Government's Exhibit "A" - Page 1

# ATTACHMENT A

All documents and writings[1] that evidence, record, refer to or pertain to the production, handling, acquisition, receipt, sale, purchase, disposition, shipment or transfer of oranges and grapefruit by Rio Grande Fruit Stand, or anyone acting on its behalf, from January 1, 1999, to the present, including without limitation:

Accountant's or other work papers, account sales invoices, accounts payable journals, accounts receivable journals, agreements, bank statements, broker's contracts, broker's statements, canceled checks, cash disbursement journals, cash purchase journals, cash purchase stubs, contracts, financial statements, general ledgers and supporting documents, growers contracts, grower statements and supporting documents, inspection certificates, inventory records, ledgers, letters and other correspondence, logs, memoranda (both internal and external), notes, orders, payroll records, purchase invoices, purchase journals, receiving manifests (bills of lading), receiving tickets, records of deposit, reports, sales invoices, sales journals, sales statements, sales tickets, seller/buyer certification of marketing order 906, shippers export declarations, shipping manifests (bills of lading including truck, train, and ocean), warehouse receipts, weight tags, weight receipts; and all mechanically, magnetically or electronically produced reproduction of any of the foregoing, photographs or other reproductions thereof; and compilations of data from the foregoing, or transcripts thereof.

---

[1] As used herein, "writings" includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, and form of communicating or representation, including letters, word pictures, sounds or symbols, or combinations thereof.)



# TEXAS VALLEY CITRUS COMMITTEE

901 BUSINESS PK. DR. SUITE 500   •   MISSION, TX 78572   •   PHONE (956) 581-2190   •   FAX (956) 581-2192

## Declaration of Jerry A. Walzel, Sr.

I, Jerry A. Walzel, Sr. declare:

I am the Compliance Coordinator of the Texas Valley Citrus Committee (TVCC) located in Mission, Texas. One of my primary responsibilities include overseeing enforcement of Marketing Order 906 (Order), Oranges and Grapefruit Grown in Lower Rio Grande Valley in Texas. I occasionally accompany the field compliance investigators as they make their visits to growers and handlers. The Order mandates that we inspect and monitor the movement of oranges and grapefruit in the three county production area. To date, no citrus handler has ever refused the TVCC access to their records.

On October 9, 1998, TVCC Compliance Investigator, Mr. Barry Shreeve and I visited Mr. Edgar Schwarz at the Rio Grande Fruit Stand located on Highway 77, Willacy County, Sebastian, Texas. The Rio Grande Fruit Stand is a roadside stand that caters to tourists and travelers, and does business as Rio Grande Fruit Stand. The purpose of our visit was to ascertain why Mr. Schwarz had not complied with Order requirements by refusing members of the TVCC access to his business records. Mr. Schwarz informed me that he would not allow anyone from the Committee to look at any records pertaining to the purchase or sale of any citrus or anything else he had on his premises. I explained to Mr. Schwarz the importance of his cooperation, and that the TVCC investigator needed to see his records of citrus purchases grown in the three counties covered under the Order. Furthermore, I advised him this same review takes place at all roadside fruit stands in the production area. I explained to Mr. Schwarz that by reviewing the records we could determine whether businesses have resold significant amounts of uninspected citrus to other buyers, which then are transported out of the production area for resale to the public. All this information helps the TVCC determine how much citrus fruit is moving outside the production area without being inspected or fees being paid to the TVCC. He again said he would not cooperate. Mr. Shreeve and I left at that time.

This information was forwarded to Belinda Garza with USDA's Texas Marketing Field Office (MFO). As a result, USDA issued a Subpoena Duces Tecum (subpoena) and Mrs. Garza and I served it on Mr. Schwarz on November 23, 1998. Mrs. Garza presented Mr. Schwarz with the subpoena and explained the purpose of the subpoena. Mr. Schwarz said he would turn the subpoena over to his lawyer. Mrs. Garza and I left the stand. I later filed a compliance visitation report with the MFO.

Exhibit B

Rio Grande Fruit Stand
Government's Exhibit "A" - Page 3

PAGE TWO

On February 9, 1999, I sent a letter to Mr. Schwarz asking him to allow Mr. Shreeve to look at his buyer/seller forms and a few other related documents. On February 24, 1999, Mr. Schwarz called me in reference to my letter and claimed he would sue Mr. Shreeve for discrimination and harassment. I then forwarded this information to the Marketing Field Office. On February 25, 1999, I received a letter from Carolyn E. Schwarz, bookkeeper for Rio Grande Fruit Stand. Her letter requested that I send another investigator to review the buyer/seller forms.

On August 24, 1999, Terry Kaiser, Compliance Officer with USDA, AMS, wrote Mr. Schwarz a letter asking for the documents requested in the subpoena. Mr. Kaiser sent a second letter dated September 7, 1999, requesting the documents. Mr. Schwarz never responded. On May 18, 2000, Terry Kaiser and I served a second subpoena on Mr. Schwarz. Mr. Schwarz was not present, so we left the subpoena with Mr. Ricky Marquez, Assistant Manager. The subpoena required them to have their records available on June 6th 2000.

On June 6, 2000, I went to the Rio Grande Fruit Stand to pick up documents outlined in the May 18, 2000, subpoena. I spoke with Mr. Marquez, as Mr. Schwarz was again not present. Mr. Marquez was unaware of the documentation I requested, so I left again and filed a report with the Marketing Field Office.

We have obtained from several handlers their copies of buyer/seller showing that Mr. Schwarz has purchased large amounts of citrus fruit from them. In comparison to similar businesses in the same area, Mr. Schwarz may possibly be selling uninspected quantities of fruit.

After extensive research, I have been unable to obtain any information on who owns the business, land or tax ID on the property. No attempt has been made to visit Mr. Schwarz after the June 6 visit.

I declare under penalty of perjury under the laws of the United States of America that this declaration is true, complete and correct to the best of my knowledge and belief.

March 23, 2001
Date

Jerry A. Walzel, Sr.
Compliance Coordinator
Texas Valley Citrus Committee

Rio Grande Fruit Stand
Government's Exhibit "A" - Page 4

## DECLARATION OF TERRY WILLIAM KAISER

I, Terry William Kaiser, declare:

1.  I am a Compliance Officer, Office of Compliance and Analysis, Agricultural Marketing Service, United States Department of Agriculture. I have held this position since October 1, 1994. I am assigned to conduct investigations and program reviews for the Agency. I have personal knowledge of each of the matters set forth herein, and if called and sworn as witness could and would competently testify thereto. I make this declaration in connection with the Subpoena Duces Tecum which I served at the Rio Grande Fruit Stand, Sebastian, Texas, on May 18, 2000.

2.  On May 18, 2000, at approximately 1:40 PM, I served a Subpoena Duces Tecum on Rio Grande Fruit Stand Assistant Manager, Ricky Marquez. I had been accompanied to the Rio Grande Fruit Stand by Jerry Walzel, Compliance Coordinator, Texas Valley Citrus Committee. Mr. Walzel witnessed my service of this subpoena.

3.  On May 18, 2000, at approximately 2:00 PM, I completed a Certificate of Return of Service for the Subpoena Duces Tecum I had just served at the Rio Grande Fruit Stand. I left the original of the Certificate of Return of Service at the Southwest Marketing Field Office in McAllen, Texas. I gave one copy of the Certificate of Return of Service to Jerry Walzel, and kept a copy for my files.

I declare under the penalty of perjury under the laws of the United States of America that this declaration is true, complete, and correct to the best of my knowledge and belief, and this declaration was executed on June 28, 2000 in Fresno, California.

_[signature]_
Terry William Kaiser

Exhibit C

Rio Grande Fruit Stand
Government's Exhibit "A" - Page 5

## CERTIFICATE OF RETURN OF SERVICE

I HEREBY CERTIFY that on ___MAY 12___, 2000,

at ___McALLEN, TEXAS___ (Location), I received the attached subpoena.

I further certify that on ___MAY 12___, 2000,

at or about ___1:42___ P.m. (Time) at ___SEBASTIAN TEXAS___ (Location), I personally

served said subpoena upon ___RICKY MARQUEZ - ASST. MANAGER___
___RIO GRANDE FRUIT STAND___
(Name and Position or Title)

By ___LEROY W KAISER___
(Name)
___COMPLIANCE OFFICER___
(Title)
Date ___5/12/00___

Exhibit D



**United States Department of Agriculture**

Marketing and Regulatory Programs

Agricultural Marketing Service

P.O.Box 96456
Washington, DC
20090-6456

July 19, 2000

| | |
|---|---|
| TO: | Kenneth Vail<br>Assistant General Counsel<br>Marketing Division<br>Office of the General Counsel |
| FROM: | Barbara Schulke *Barbara*<br>Compliance Program Manager<br>Marketing Order Administration Branch |
| SUBJECT: | Summary Enforcement of Subpoena Duces Tecum/Rio Grand Fruit Stand |

As requested, attached are the: (1) signed affidavit from Terry Kaiser, AMSCS, declaring subpoena delivery to Mr. Ricky Marquez of the Rio Grande Fruit Stand, Sebastian, Texas, (2) signed affidavit from Jerry Walzel, Sr., Compliance Coordinator, Texas Valley Citrus Committee and (3) a copy of the subpoena signed by Kathleen Merrigan, Administrator, AMS.

Please proceed with the petition for summary enforcement within the proper judicial forum and notify us as to its disposition.

Attachments

Exhibit E


AMS - Agricultural Marketing Service
An Equal Opportunity Provider and Employer

Rio Grande Fruit Stand
Government's Exhibit "A" - Page 7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Petitioner, | * | |
| | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| RIO GRANDE FRUIT STAND, | * | |
| Respondent. | * | |

### DECLARATION OF JOHN McCLUNG, MANAGER OF THE TEXAS VALLEY CITRUS COMMITTEE PURSUANT TO 28 U.S.C. §1746

John McClung, Manager of the Texas Valley Citrus Committee, which is a committee established pursuant to the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. 601 *et seq.* and the Marketing Order for Oranges and Grapefruit Grown in the Lower Rio Grande Valley in Texas, 7 C.F.R. Part 906, pursuant to 28 U.S.C. §1746, declares as follows:

1. I am the Manager of the Texas Valley Citrus Committee (TVCC) which is located at 901 Business Pk. Dr., Suite 500, Mission, Texas 78572; as such, I am an authorized representative of the Secretary of Agriculture of the United States pursuant to Section 49 of the Federal Trade Commission Act (15 U.S.C. 49) and the Agricultural Marketing Agreement Act of 1937 (7 U.S.C. 610[h]). See Attachment A.

2. The TVCC in conjunction with the Agricultural Marketing Service initiated an investigation of a business operation located in the city of Sebastian in Willacy County, Texas, operating under the name of the Rio Grande Fruit Stand to determine whether it was in compliance with Marketing Order for Oranges and Grapefruit Grown in the Lower Rio Grande Valley in Texas, 7 C.F.R. Part 906 (the "Order").

3. In an effort to determine whether the Rio Grande Fruit Stand was in compliance with the Order, I delivered an administrative subpoena to Mr. Max Loredo, an employee of the Rio Grande Fruit Stand, on April 30, 2002, at 10:00 a.m. See Attachments A and B.

4. At about 1:45 p.m. on April 30, 2002, I spoke with a Mr. Schwarz whom I know to be the owner/operator of the Rio Grande Fruit Stand; Mr. Schwarz advised he would not comply with the subpoena because he did not view myself to be an



GOVERNMENT
EXHIBIT
"B"

       authorized representative of the federal government. Mr. Schwarz further stated that he did not believe that any representative of the federal government had any right to review his business records unless there was evidence that he had broken the law.

5. The subpoena directed Rio Grande Fruit Stand to produce the records and documents to me (and/or other authorized representatives of the United States Department of Agriculture) on April 30, 2002, at 10:30 a.m. at Spur 413 and North 77 in Sebastian, Texas. See Attachment A.

6. The Rio Grande Fruit Stand did not produce the documents and records requested.

7. To the best of my knowledge, the documents and records are not in the possession of the TVCC nor any other authorized representative of the United States Department of Agriculture.

8. It is necessary to obtain the business records and documents sought by the subpoena in order to fully investigate and determine whether this business operation is in compliance with Agricultural Marketing Agreement Act of 1937, 7 U.S.C. 601 *et seq.* and the Marketing Order for Oranges and Grapefruit Grown in the Lower Rio Grande Valley in Texas, 7 C.F.R. Part 906.

9. Other than to seek the enforcement of this administrative subpoena, I am not aware of any other pending referrals to the United States Department of Justice.

I declare under penalties of perjury that the foregoing is true and correct.
EXECUTED on this the 6th day of August, 2002.

_____
JOHN McCLUNG
Manager
Texas Valley Citrus Committee

United States of America
Department of Agriculture
Agricultural Marketing Service

## SUBPOENA DUCES TECUM

TO: Rio Grande Fruit Stand
Spur 413 and North 77
Sebastian, Texas 78594

YOU ARE HEREBY REQUIRED TO APPEAR before John McClung, the Manager of the Texas Valley Citrus Committee (TVCC), and/or another TVCC or USDA employee who are authorized representatives of the Secretary of Agriculture of the United States acting pursuant to Section 49 of the Federal Trade Commission Act (15 U.S.C. 49) and the Agricultural Marketing Agreement Act of 1937 (7 U.S.C. 610(h)), at Spur 413 and North 77 in the City of Sebastian, and State of Texas, on the 30th day of April 2002, at 10:30 a.m.

You are hereby required to produce for inspection and copying, at said time and place and for a reasonable period of time thereafter, the originals (or copies if the originals are unavailable) of the documents, writings, books, and other material as specified in Attachment A which is incorporated herein as part of this subpoena. This requirement also includes continued access to records, as the TVCC deems necessary.

This SUBPOENA DUCES TECUM is issued in connection with an investigation by the Secretary of Agriculture pursuant to § 906.51 of Federal Marketing Order No. 906, to determine whether the activities and operations of Rio Grande Fruit Stand is in conformity with the requirements of the Act and regulations issued thereunder.

FAIL NOT AT YOUR PERIL.

IN TESTIMONY WHEREFORE, pursuant to delegations of authority from the Secretary of Agriculture, the undersigned has set his hand at Washington, D.C. this 23 day of April, 2002.

A.J. Yates
Administrator
Agricultural Marketing Service

ATTACHMENT A

ATTACHMENT A

All documents and writings[1] that evidence, record, refer to or pertain to the production, handling, acquisition, receipt, sale, purchase, disposition, shipment or transfer of oranges and grapefruit by Rio Grande Fruit Stand, or anyone acting on its behalf, from October 1, 2001, to the present, including without limitation:

Accountant's or other work papers, account sales invoices, accounts payable journals, accounts receivable journals, agreements, bank statements, broker's contracts, broker's statements, canceled checks, cash disbursement journals, cash purchase journals, cash purchase stubs, contracts, financial statements, general ledgers and supporting documents, growers contracts, grower statements and supporting documents, inspection certificates, inventory records, ledgers, letters and other correspondence, logs, memoranda (both internal and external), notes, orders, payroll records, purchase invoices, purchase journals, receiving manifests (bills of lading), receiving tickets, records of deposit, reports, sales invoices, sales journals, sales statements, sales tickets, seller/buyer certification of marketing order 906, shippers export declarations, shipping manifests (bills of lading including truck, train, and ocean), warehouse receipts, weight tags, weight receipts; and all mechanically, magnetically or electronically produced reproduction of any of the foregoing, photographs or other reproductions thereof; and compilations of data from the foregoing, or transcripts thereof.

---

[1] As used herein, "writings" includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, and form of communicating or representation, including letters, word pictures, sounds or symbols, or combinations thereof.

## CERTIFICATE OF RETURN OF SERVICE

I HEREBY CERTIFY that on ___4/30___, 2002, at ___Rio Grande Fruit Stand, Sebastian, TX___ (Location), I received the attached subpoena.

I further certify that on ___4/30___, 2002, at or about ___10___ (Time) a.m. at ___delivered Rio Grande fruit Stand, Sebastian, TX___ (Location), I personally served said subpoena upon ___Max Toredo, employee in charge___ (Name and Position or Title)

By (Name) ___John Mereland___
(Title) ___Manager, Texas Valley Citrus Committee___
Date ___5/1/02___

ATTACHMENT B

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the true and foregoing United States of America's Petition for Enforcement of Administrative Investigative Subpoena Duces Tecum was mailed on this the 16th day of September, 2002 via Certified Mail, Return Receipt Requested Rio Grand Fruit Stand, Spur 413 and North 77, Sebastian, Texas 78594.

NANCY L. MASSO
Assistant U.S. Attorney