IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 16 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner | *<br>*<br>* |
| v. | *   CIVIL ACTION NO. B-02-178<br>* |
| RIO GRANDE FRUIT STAND,<br>Respondent. | *<br>* |

### MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES OF AMERICA'S PETITION FOR ENFORCEMENT OF ADMINISTRATIVE INVESTIGATIVE SUBPOENA DUCES TECUM

1.

### PRELIMINARY STATEMENT

This matter arises because of the Respondent's refusal to produce specified records in response to a subpoena duces tecum duly issued and served under the provisions of the Agricultural Marketing Agreement Act of 1937 as amended 7 U.S.C. 601 et. seq. (hereafter the"Act"). Jurisdiction for the enforcement of this administrative subpoena duces tecum is conferred on the District Court by 15 U.S.C. §49. Infra.

2.

### STATEMENT OF FACTS

The Agricultural Marketing Service (AMS), United States Department of Agriculture, initiated an investigation and a subpoena duces tecum was issued to determine whether the Respondent was in conformity with the Oranges and Grapefruit Grown in Lower Rio Grande Valley in Texas. The subpoena was issued by Kenneth Clayton on behalf of Kathleen A. Merrigan, Administrator, Agricultural Marketing Service, a duly authorized and acting representative of the Secretary of Agriculture, on May 16, 2000. The subpoena duces tecum requested that the

respondent supply specified documents to Jerry A. Walzel, Sr., an employee of the Texas Valley Citrus Committee. (Refer to Governement's Exhibit "A" attached to its Petition herein)

On May 18, 2000, Terry Kaiser a compliance officer, with the Agricultural Marketing Service and Mr. Walzel served the subpoena duces tecum on Ricky Marquez, an employee of Rio Grande Fruit Stand at approximately 1:40 pm. The subpoena required that documents be produced at Rio Grande Fruit Stand on June 6, 2000 at 10:00 am. On June 6, 2000, Mr. Walzel arrived at Rio Grande Fruit. No records were available nor were any required records produced by the Rio Grande Fruit Stand.

A second subpoena duces tecum was issued to the Rio Grande Fruit Stand on April 23, 2002, by A. J. Yates, Administrator, Agricultural Marketing Service, a duly authorized and acting representative of the Secretary. On April 30, 2002, personal service of the subpoena was made on Max Loredo, an employee of the Respondent by John McClung, Manager of the Texas Valley Citrus Committee.

Like the first subpoena, the Respondent was directed to give access to authorized representatives of the Secretary at respondent's place of business and to produce for examination and copying documents as specified in the subpoena on April 30, 2002. Under the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. 601, *et seq.* and the Marketing Order for Oranges and Grapefruit Grown in the Lower Rio Grande Valley in Texas, 7 C.F.R. Part 906, John McClung is an authorized representative of the Secretary to be afforded access to such records designated in the subpoena for the purposes set forth in the subpoena.

On April 30, 2002, Mr. Schwartz, the owner/operator of the Rio Grande Fruit Stand advised Mr. McClung that he had no intention of complying with the subpoena. See Government's Exhibit "B" attached to its Petition herein.

3.

## STATUTES INVOLVED

Section 9 of the Federal Trade Commission Act, made applicable to the jurisdiction, powers and duties of the Secretary in enforcing the Agricultural Marketing Agreement of 1937 (7 U. S.C. §610[h]) provides in pertinent part:

Sec. 9.

> That for the purposes of this Act, the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence or any corporation being investigated or proceeded against; and the commission shall have power to require, by subpoena, the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation.
>
> Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses and receive evidence.
>
> Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.
>
> Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, an issue an order requiring such corporation or other person to appear before the commission, or produce documentary evidence

> if so ordered, to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.
>
> Upon the application of the Attorney General of the United States at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of the Act or any order of the commission made in pursuance thereof.

15 U.S.C. §49.

4.

**LEGAL ANALYSIS AND ARGUMENT**

I.

The subpoena was issued pursuant to lawful authority. The authority to issue the subpoena is vested in the Secretary of Agriculture by Section 9 of the FTC Act made applicable to the AMAA of 1937 by Section 10h (7 U.S.C. 610). The authority was delegated to the Administrator of the Agricultural Marketing Service through 7 C.F.R. Part 1.

II.

The Respondent's activities at all time material herein were of the type and nature that may be covered by the Act and Order. The Order requires that regulated parties maintain certain records and file reports with the Texas Valley Citrus Committee. 7 C.F.R. Part 906. AMS is investigating to determine whether the Respondent is in fact covered by the terms of the Order. However, in order for AMS to make that determination it must be able to review the records of the Respondent.

III.

An administrative subpoena will be enforced provided that the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant. Courts that have considered this issue have unanimously indicated that the test for enforcement of an administrative subpoena depends on meeting a three part test. *Adams v. Federal Trade Commission*, 296 F.2d 861, 866 (D. Missouri 1961). The subpoena will be enforced if the agency has the authority to inquire into this issue, the subpoenaed information is not indefinite and the information sought is reasonably relevant to the investigation which the agency has authority to conduct. *S.E.C. v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 514 (10th Cir. 1980); see also, *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 216, 66 S.Ct. 494, 90 L.Ed. 614 (1946).

In the case, *sub judice* each of these prongs of the test has been met. Section 9 of the FTC Act is made applicable to the AMAA of 1937 by Section 10 of the Act. (7 U.S.C. § 610). Those sections grant broad powers to the Secretary for the compilation of information and the investigation of any person subject to the Act. The Act confers upon the Secretary and, by delegation, upon the Agricultural Marketing Service, the authority to conduct this investigation. The Order promulgated pursuant to the Act requires that those regulate must file reports and pay assessment and comply with the conditions of the Order. There is reason to believe that the Respondent is not in compliance with the Order. Second, the information requested by this subpoena duces tecum is specifically enunciated by the subpoena and is not in any way indefinite. Third, the information sought is relevant to and necessary for the investigation.

To the extent that the respondent is not complying with the Order cannot be determined without the records detailed in the subpoena.

IV.

This Court has the duty to enforce the administrative subpoena duces tecum and the burden of proof lies on the Respondent to show that the subpoena is otherwise invalid.

Section 9 of the Federal Trade Commission Act gives the district courts the power and authority to enforce subpoenas in the event there is a failure to comply with its terms. (15 U.S.C. §49, Incorporated by 7 U.S.C. §222). The proceedings to enforce the subpoenas are summary in nature involving limited judicial review since administrative subpoenas are presumptively enforceable. See e.g. *United States v. Stuart*, 489 U.S. 353, 359-60 (1989); but see, *In re: Office of Inspector General v. R.R. Retirement Board*, 933 F.2d 276, 277 (5th Cir. 1991).

In enforcement proceedings, the respondent must show that the subpoena is overly broad or burdensome or that its enforcement would constitute an abuse of the court's process. *F.T.C. v. Jim Walter Corp.*, 651 F.2d 251 (5th Cir. 1981). This is a heavy burden for the Respondent in which it must "factually oppose the Government's allegations by affidavit. Legal conclusions and memoranda will not suffice." *United States v. Balanced Fin. Management, Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985). See also, *In re EEOC*, 709 F.2d 3 92, 400 (5th Cir. 1983).

The Supreme Court also stated that in order to make an "appropriate defense", sufficient reason for not enforcing the subpoenas must be set forth affirmatively by the accompanying affidavits. *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 218 (1946); *Donovan v. Lone Steer, Inc.*, 464 U.S. 408 (1984); *F.T.C. v. Montana*, 832 F.2d 688 (1st Cir.), *cert. denied*, 485 U.S. 987 (1988).

In *F.T.C. v. Standard American, Inc.*, 306 F.2d 231 (3rd Cir. 1962), the court held that the respondent has the burden of proving that turning over the documents was burdensome or

6

oppressive or that the material sought was clearly irrelevant and immaterial or beyond the scope of the government's inquiry. *Id.* at 235; See also 651 F.2d at 25 1. Unless such a showing is made, the court had the duty to enforce the terms of the subpoena. In addition, the courts have indicated a reluctance to find that expense in compiling the documentation constitutes a burden. *F.T.C. v. Carter*, 464 F.Supp. 633, 641 (D.C. Cir. 1979).

In this case, the retrieval of the documents will not be unduly burdensome since these are records that it should maintain as part of its usual business operations. The documentation sought is relevant and material to carrying out the investigation.

5.

## CONCLUSION

For the foregoing reasons, petitioner respectfully requests this Court issue an order enforcing the subpoena duces tecum involved herein.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the true and foregoing Memorandum of Law in Support of United States of America's Petition for Enforcement of Administrative Investigative Subpoena Duces Tecum was mailed on this the 16th day of September, 2002 via Certified Mail, Return Receipt Requested Rio Grand Fruit Stand, Spur 413 and North 77, Sebastian, Texas 78594.

                                                NANCY L. MASSO
                                               Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　Petitioner | *<br>*<br>* | |
| v. | *<br>* | CIVIL ACTION NO. |
| RIO GRANDE FRUIT STAND,<br>　　　Respondent. | *<br>* | |

## ORDER TO SHOW CAUSE FOR THE ENFORCEMENT OF ADMINISTRATIVE INVESTIGATIVE SUBPOENA DUCES TECUM

CAME on to be considered on this the ____ day of _____, the United States of America's Petition for Enforcement of Administrative Investigative Subpoena Duces Tecum filed herein under Section 9 of the FTC Act as incorporated in Section 10 of the Agricultural Marketing Agreement Act of 1937 as amended, 7 U.S.C. 601 et. seq. (hereafter the "Act"), along with the exhibits attached thereto, and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Respondent appear and show cause, if any there be, in the United States District Court located at 600 E. Harrison Street, Brownsville, Texas on the Third Floor before the Honorable District Judge _____ or as soon thereafter as counsel can be heard, why an order of this Court should not issue requiring the said Respondent to appear and give evidence before the Secretary of Agriculture of the United States, or such officers or representatives designated by him, at such time and place as determined by the Court, and there produce the documentary evidence specified in and required by the subpoenas duces tecum issued by Kenneth Clayton on behalf of Kathleen A. Morrigan, Administrator, Agricultural Marketing Service, a duly authorized and acting representative of the Secretary of Agriculture, on May 16, 2000, and A. J. Yates, Administrator, Agricultural Marketing Service, a duly authorized and acting representative of the Secretary of Agriculture, on April 23, 2002; and it is:

2

**FURTHER ORDERED** that service of a copy of this order to show cause, together with a copy of said petition and exhibits attached thereto, be made on the Respondent promptly; and it is:

ENTERED on this \_\_\_\_ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

Case 1:02-cv-00178   Document 2   Filed in TXSD on 09/16/2002   Page 10 of 12

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

## SUMMONS IN A CIVIL CASE

UNITED STATES OF AMERICA

V.

RIO GRANDE FRUIT STAND

CASE NUMBER:

TO: (Name and address of defendant)

RIO GRANDE FRUIT STAND
SPUR 43 AND NORTH 77
SEBASTIAN TEXAS  78594

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

NANCY L. MASSO
ASSISTANT U. S. ATTORNEY
600 E HARRISON ST #201
BROWNSVILLE TEXAS  78520

an answer to the complaint which is herewith served upon you, within     TWENTY (20)     days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

This form was electronically produced by Elite Federal Forms, Inc.

| U.S. Department of Justice<br>United States Marshals Service | **PROCESS RECEIPT AND RETURN**<br>See Instructions for "Service of Process by the U.S. Marshal"<br>on the reverse of this form. |
|---|---|

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | |
| **DEFENDANT** | **TYPE OF PROCESS** USA's Ptn for Enforcement of Administrative Subpoena & Summons |
| RIO GRANDE FRUIT STAND | |

**SERVE** → **AT**
- NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
  RIO GRANDE FRUIT STAND and Order to Show Cause
- ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
  Spur 413 and North 77
  Sebastian Texas 78594

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Nancy L. Masso
Assistant U. S. Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

PERSONAL SERVICE UPON THE DEFENDANT THROUGH ITS XXXXXX AUTHORIZED OWNER, REPRESENTATIVE, AND/OR ANY OTHER QUALIFIED INDIVIDUAL OF THE UNITED STATES OF AMERICA'S PETITION FOR ENFORCEMENT OF ADMINISTRATIVE INVESTIGATIVE SUBPOENA DUCES TECUM

Signature of Attorney or other Originator requesting service on behalf of: NANCY L. MASSO, AUSA
☒ PLAINTIFF
☐ DEFENDANT
TELEPHONE NUMBER: 956-548-2554 Ext 241
DATE: 9-16-02

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. _____ | District to Serve No. _____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service / Time am/pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: